TAFT STORES, INC., A NEW JERSEY CORPORATION,
PLAINTIFF, v. STATE OF NEW JERSEY, BY THE STATE
HIGHWAY COMMISSIONER, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided October 27, 1966.

Mr. *Walter R. Cohn* for plaintiff (*Messrs. Cohn & Turk,* attorneys).

Mr. *Michael A. Cerreto* for defendant (*Mr. Joseph Lipkin,* Deputy Attorney General, of counsel and on the brief; *Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

GIULIANO, J. S. C. Plaintiff Taft Stores, Inc. (Taft) filed a complaint on October 22, 1965 against defendant State of New Jersey, by the State Highway Commissioner (Commissioner). Plaintiff alleged that it was a tenant at 302 Main Street, East Orange, New Jersey, which property was condemned by the Commissioner, and that in compliance with a notice to quit the store it moved on May 31, 1965, incurring moving expenses of over $4,000. Plaintiff further alleges that it filed a claim for $3,000 with the Commissioner, under

*N. J. S. A.* 27:8–7 and 8 and that the claim was rejected.[1] This suit was filed to recover the sum of $3,000 for moving expenses.

The Commissioner failed to answer, and on December 3, 1965 a default was entered at the request of plaintiff. On May 13, 1966 plaintiff filed a motion for an order entering judgment against defendant. Defendant thereafter filed two motions—the first sought permission to file an answer, and the second sought dismissal of the complaint on the grounds that (1) it failed to set forth a cause of action; (2) lack of jurisdiction to entertain the suit against defendant; and (3) defendant is immune from suit. The court on September 23, 1966 granted leave to defendant to file an answer.

▆ Plaintiff contends that defendant is subject to suit to recover the $3,000 moving expenses caused by the displacement from real property, under *N. J. S. A.* 27:8–7 and 8. Defendant, on the other hand, contends that he is immune

---

[1] 27:8–7. "Authority to make relocation payments

The State Highway Commissioner is authorized and empowered, within the limits of available funds and appropriations therefor, to make relocation payments to eligible persons for their moving expenses caused by their displacement from real property acquired for Federal-aid highways to be constructed in this State."

27:8–8. "Manner of making relocation payments; amount; transportation expenses; payments of fixed amounts

(a) Relocation payments shall be made in accordance with the provisions of this act and pursuant to such rules and regulations as shall be prescribed by the State Highway Commissioner.

(b) The amount of relocation payments shall be established by the State Highway Commissioner and shall not exceed $200.00 in the case of an individual or a family, nor $3,000.00 in the case of a business concern (including the operation of a farm), or non-profit organization.

(c) In the case of a business (including the operation of a farm) and in the case of a non-profit organization, the allowable expenses for transportation under this subsection shall not exceed the cost of moving up to 50 miles from the point from which such business or organization is being displaced.

(d) The rules and regulations of the State Highway Commissioner may include provisions authorizing payments to individuals and families of fixed amounts (not to exceed $200.00 in any case) in lieu of their respective reasonable and necessary moving expenses."

from such a suit under the doctrine of sovereign immunity. The question before this court is whether this is a suit in the nature of an action seeking to recover money damages against defendant or a suit seeking review of the administrative decision of defendant. If the former, the law at present clearly holds that the doctrine of immunity applies and the complaint should be dismissed. See *Fitzgerald v. Palmer*, 47 *N. J.* 106 (1966).

■ ■ Plaintiff argues that the Legislature, in enacting *N. J. S. A.* 27:8–7 and 8, waived the Commissioner's traditional immunity. This contention is without merit. However, if this is a suit seeking review of the administrative decision by a complaint in lieu of prerogative writs, the doctrine of immunity is not applicable. The defense of sovereign immunity to review by prerogative writ, *Strobel Steel Const. Co. v. Sterner*, 125 *N. J. L.* 622 (*Sup. Ct.* 1941), appeal dismissed, 128 *N. J. L.* 379 (*E. & A.* 1942), *certiorari* denied, 317 *U. S.* 656, 63 *S. Ct.* 53, 87 *L. Ed.* 527 (1942), has been abrogated by our present state constitution. An injured party now has the right to review the decision or action of any state administrative agency. *N. J. Constitution, Art. VI, § V, par.* 4. Administrative decisions of defendant Commissioner have recently been reviewed under *R. R.* 4:88–8. *Sprissler v. Pennsylvania-Reading S. S. Lines*, 45 *N. J.* 127 (1965); *State of New Jersey, by the State Highway Commissioner v. Bd. of Chosen Freeholders of Bergen County*, 38 *N. J.* 33 (1962).

■ In this case plaintiff is seeking reimbursement under the statute for moving expenses. The question of whether defendant should pay up to $3,000 for moving expenses has already been determined by the Legislature. *N. J. S. A.* 27:8–7 and 8. The question here is whether the expenses incurred by plaintiff were moving expenses caused by displacement from real property. The Legislature has empowered defendant, and not the Court, to decide this question. This power is clearly administrative in nature and therefore reviewable under *R. R.* 4:88–8.

██ The decision in this case is by a state agency, and therefore review must be in the Appellate Division, *R. R.* 4:88–8, not by complaint in the Law Division. This action was improperly instituted. However, it should not be dismissed if it was instituted within the applicable time limitation, but transferred under *R. R.* 1:27D(a). *Central R. R. Co. v. Neeld,* 26 *N. J.* 172 (1958).

"\* \* \* sine qua non to an appeal from a state agency decision or action is a compliance with the procedural provisions of *R. R.* 4:88–8 within the 45 days set forth in *R. R.* 1:3–1(b) and where no application for extension of such time to perfect an appeal is made within the period provided by *R. R.* 1:27B(d), the Appellate Division loses jurisdiction."

*Alberti v. Civil Service Commission,* 41 *N. J.* 147, 154 (1963). It is only logical that this jurisdictional requirement applies to cases improperly instituted in the Law Division. However, there are no facts before the court which show that it was not instituted within the required time, and defendant has made no objection. The court therefore orders this case transferred to the Appellate Division.

An appropriate order may be submitted in accordance with this opinion.